PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13 2000
THOMAS K. KAHN
CLERK

————————————

No. 98-9476
Non-Argument Calendar

————————————

D.C. Docket No. 96-01983-1-CV-JOF

EDDIE PAUL HARRIS,

Plaintiff-Appellant,

versus

GARFIELD HAMMONDS JR.,
in his official capacity as Chairman
of the State Board of Pardons and Paroles ,

Defendant-Appellee,

————————————

Appeal from the United States District Court for the
Northern District of Georgia

————————————

**(July 13, 2000)**

Before EDMONDSON, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Eddie Paul Harris appeals the district court's order granting summary judgment to Appellee Hammonds, Chairman of the State Board of Pardons and Paroles, and denying Harris's cross motion for summary judgment in his pro se civil rights complaint under 42 U.S.C. § 1983. This action arose after Harris, a Georgia inmate serving a life sentence, received notice that his next parole-reconsideration hearing would be held in October 2000, five years after the last hearing, pursuant to Ga. Comp. R. & Regs. r. 475-3-.05(2) (1986). Harris's sole claim on appeal is that the retroactive application of Ga. Comp. R. & Regs. r. 475-3-.05(2) (1986), which as amended requires a parole-reconsideration hearing at least once every eight years, instead of annually as required at the time Harris committed his offense, violates the Ex Post Facto Clause of the United States Constitution.

This Court reviews a district court's grant of summary judgment de novo. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Summary judgment may be entered only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Having reviewed Harris's complaint, the motions for summary judgment, the district court's order, and all other relevant portions of the record, and having considered the briefs of the parties, we vacate and remand for further proceedings consistent with this opinion.

The facts and procedural history are straightforward. In August 1996, Harris filed a habeas petition, pursuant to 28 U.S.C. § 2254, in the Southern District of Georgia, raising one claim: that the retroactive application of Ga. Comp. R. & Regs. r. 475-3-.05(2) (1986), which as amended requires a parole-reconsideration hearing at least once every eight years, violates the Ex Post Facto Clause. The petition was ultimately transferred to the Northern District of Georgia and proceeded as a Section 1983 action. In the petition, Harris alleged that he had pled guilty in state court to murder in 1969 and was sentenced to life imprisonment. He further alleged that, at the time he committed the offense, the rules of the Georgia Board of Pardons and Paroles required the Board initially to consider parole for an inmate serving a life sentence after the inmate had served seven years, and if denied, the Board would reconsider parole annually. The Board reconsidered Harris's parole annually until 1985, when he was paroled. After his parole was revoked in 1990, the Board considered annually whether to again grant him parole until December 1995, when, pursuant to a 1986 amendment to the

Board's rules, Harris was notified that his next review would not be until 2000. Harris claimed that he appealed the Board's decision in February 1996, but received no response. He also claimed that it would be futile to seek relief in the Georgia state courts.

Various documents filed in support of Harris's petition indicated that his parole eligibility had been reconsidered annually, despite amendments lengthening the time between required reconsideration, based on this Court's opinion in Akins v. Snow, 922 F.2d 1558 (11th Cir)(holding that the elimination of annual parole reconsideration for inmates sentences to life imprisonment, pursuant to an amendment to Ga. Comp. R. & Regs. r. 475-3-.05(2), which, as amended, provided for reconsideration at least every eight years, violated the Ex Post Facto Clause with regard to inmates who had been entitled to annual reconsideration at the time they committed their crimes), cert. denied, 501 U.S. 1260, 111 S.Ct. 2915, 115 L.Ed. 2d. 1079 (1991). The Board ultimately decided, however, that Akins had been overruled by the Supreme Court's opinion in California Dep't of Corrections v. Morales, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed. 2d. 588 (1995)(holding that an amendment to a California law permitting parole-reconsideration hearings for a limited class of inmates to be deferred up to three years did not violate the Ex Post Facto Clause when applied to inmates convicted before the amendment).

In December 1995, therefore, the Board notified Harris that it had again decided to deny him parole, noting that "[t]he main reasons for the decision cited by the Board members during their individual study of your case are circumstances and nature of the offense." The notice stated that Harris would be reconsidered for parole in October 2000.

This Court has already twice considered whether the retroactive application of Ga. Comp. R. & Regs. r. 475-3-.05(2), providing for parole reconsideration every eight years, violates the Ex Post Facto Clause. We first held in Akins that retroactive application violates the Ex Post Facto Clause when applied to inmates who had been entitled to more frequent parole reconsideration hearings when their crimes were committed. 922 F.2d at 1565. Four years later, however, the Supreme Court called Akins into question in Morales. Morales held that the retroactive application of an amended California law permitting annual parole reconsideration hearings for a limited class of inmates (those who had committed more than one homicide) to be deferred for up to three years did not violate the Ex Post Facto Clause when applied to inmates convicted before the amendment. 514 U.S. at 514.

In Jones v. Garner, 164 F.3d 589 (11th Cir. 1999), rev'd and remanded, 120 S.Ct. 1362 (2000), the Eleventh Circuit again considered whether the retroactive

5

application of Georgia Rule 475-3-.05(2) violated the Ex Post Facto Clause, this time in light of the Supreme Court's Morales decision.  Rather than overruling Akins, however, the Court in Jones found that the Supreme Court's decision in Morales actually "reaffirms the correctness of our holding in [Akins]."  Id. at 164 F.3d at 596.  In holding the Georgia regulation violative of the Ex Post Facto Clause, the Court found that the amended Georgia regulation was distinguishable in material respects from the California law sustained in Morales.  A panel of this Court noted that the set of inmates affected by the retroactive change, all prisoners serving life sentences, is "bound to be far more sizeable than the set...at issue in Morales," inmates convicted of more than one homicide.  Id. at 594.  Further, we noted that the Georgia regulation, which covers "many inmates who can expect to be paroled . . .  seems certain to ensure that some number of inmates will find the length of their incarceration extended in violation of the Ex Post Facto Clause . . . ."  Id. at 595.  While recognizing that the Parole Board would set a new parole review date up to eight years in the future only when it concludes that "it is not reasonable to expect that parole would be granted," the Court found the policy insufficient because, unlike the statute in Morales, the policy does not require the Board "to make any particularized findings" and is not "carefully tailored."  Id. at 594-95.  Further, the Court found the Board's policy permitting it to reconsider any

parole denials upon a showing of a "change in circumstance" or upon the Board's "receipt of new information" insufficient, stating that "[p]olicy statements, unlike regulations, are unenforceable and easily changed, and adherence to them is a matter of the Board's discretion." Id. at 595.

Recently, however, the Supreme Court reversed and remanded Jones, determining that the panel's analysis "failed to reveal whether the amendment to Rule 475-3-.05(2), in its operation, created a significant risk of increased punishment for respondent." Garner v. Jones, 120 S.Ct. 1362 (2000). The Supreme Court began with an analysis of its holding in Morales, concluding that it had found no Ex Post Facto violation in that case because "not every retroactive procedural change creating a risk affecting an inmate's terms or condition of confinement is prohibited." Id. at 1367. The Court emphasized that "[t]he question is 'a matter of degree' . . . [t]he controlling inquiry in [Morales]. . . was whether retroactive application of the change in California law created 'a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" Id. (quoting Morales, 514 U.S. at 509). Applying this standard to Georgia Rule 475-3-.05(2), the Court found that "[t]he requisite risk is not inherent in the framework of amended Rule 475-3-.05(2), and it has not otherwise been demonstrated on the record." Id. The Court then concluded that

7

> [w]hen the rule does not by its own terms show a significant risk, the [prisoner challenging the retroactive application to the amendment] must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule.

Id. at 1370. Thus, the Court concluded that Jones "must show that as applied to his own sentence the law created a significant risk of increasing his punishment." Id. The Court instructed that "[t]his remains the issue in the case, though the general operation of the Georgia parole system may produce relevant evidence and inform further analysis on the point." Id. Further, the Supreme Court found that the record before the Eleventh Circuit "contained little information bearing on the level of risk created by the change in law," and that the panel had "erred in not considering the [Parole] Board's internal policy statement" regarding implementation of Rule 475-3-.05(2). Id.

The Supreme Court's opinion in Jones does not resolve the issue of whether the amendment to Rule 475-3-.05(2), in its operation, violates the Ex Post Facto Clause when applied to inmates who had been entitled to more frequent reconsideration hearings when they committed their crimes. Rather, it requires the district court to consider evidence of "the general operation of the Georgia parole system" and any other evidence a prisoner challenging the regulation may produce that the amended parole regulation, "as applied to his own sentence," "created a

8

significant risk of increasing his punishment." Thus, it appears that an analysis of claims that Ga. Comp. R. & Regs. r. 475-3-.05(2) violates the Ex Post Facto Clause when applied to inmates who had been entitled to more frequent parole reconsideration at the time they committed their crimes must be made on a case-by-case basis.

In this case, neither the district court nor the parties had the benefit of the Supreme Court's opinion in <u>Jones</u> during the proceedings before the district court. Therefore, we vacate the district court's order granting summary judgment and remand to provide Harris with the opportunity to make the showing required by the Supreme Court in <u>Jones</u>.

VACATED AND REMANDED.