**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT
_____

**No. 05-12186**
**Non-Argument Calendar**
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00117-CV-CAM-1

GENE SMITH,

                                        Plaintiff-Appellant,

versus

GEORGIA BOARD OF PARDONS AND PAROLES,

                                        Defendant-Appellee.

_____

**Appeal from the United States District Court**
**for the Northern District of Georgia**
_____

**(December 21, 2005)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

**PER CURIAM:**

Georgia prisoner Gene Smith, proceeding *pro se,* appeals the 28 U.S.C. § 1915A dismissal of his 42 U.S.C. § 1983 complaint against the Georgia Board of Pardons and Paroles. Smith's complaint alleged an *Ex Post Facto* Clause violation because the Board's application of an amended parole reconsideration rule, Ga. Comp. R. & Regs. 475-3-.05 (2001), changed the frequency of parole hearings from one year to eight years. Smith also appeals the district court's imposition of a filing fee after it granted him *in forma pauperis* (IFP) status. We affirm in part, and vacate and remand in part.

## I. DISCUSSION

A. *Dismissal of Complaint*

In his complaint, Smith alleged generally that application of the eight-year set-off rule violated the *Ex Post Facto* clause. He did not allege facts specific to his case to support this allegation.

On appeal, Smith asserts current application of the eight-year set-off rule produces a sufficient risk his sentence will be longer than it would be if the Board reconsidered him for parole more frequently. Smith contends his bad health and age, currently 60 years, may lead him to expire in prison before the next scheduled hearing. He further contends the eight-year set-off prevents the Board from reviewing his institutional conduct, achievements, letters of support, or any new

2

information, and points out the likelihood of parole changes year to year. He asserts he was given a life sentence with the possibility of parole and was not sentenced to life without parole or to death, but if he must wait eight years for reconsideration, his sentence will be equivalent to those sentences and his punishment more severe.

The Prison Litigation Reform Act (PLRA) provides "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(b).

An action is considered "frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Whereas a complaint fails to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Flint v. ABB, Inc.*, 337 F.3d 1326, 1328–29 (11th Cir. 2003).

To violate the *Ex Post Facto* Clause, the application of an amended statute must inflict a greater punishment than the law annexed to the crime when committed. *Lynce v. Mathis*, 117 S. Ct. 891, 895 (1997). The issue is whether application of the amended statute creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Garner v. Jones*, 120 S. Ct. 1362, 1367 (2000). "[N]ot every retroactive procedural change creating a risk of affecting an inmate's terms or condition of confinement is prohibited." *Id.* However,

> [t]he Supreme Court's opinion in [*Garner*] does not resolve the issue of whether the amendment to Rule 475-3-.05(2), in its operation, violates the Ex Post Facto Clause when applied to inmates who had been entitled to more frequent reconsideration hearings when they committed their crimes. Rather, it requires the district court to consider evidence of the general operation of the Georgia parole system and any other evidence a prisoner challenging the regulation may produce that the amended parole regulation, as applied to his own sentence, created a significant risk of increasing his punishment. Thus, it appears that an analysis of claims that [Rule] 475-3-.05 violates the Ex Post Facto Clause when applied to inmates who had been entitled to more frequent parole reconsideration at the time they committed their crimes must be made on a case-by-case basis.

*Harris v. Hammonds*, 217 F.3d 1346, 1350 (11th Cir. 2000).

The general allegation before the district court was not sufficient to require the district court to do an individualized assessment as set out in *Harris*. On

4

appeal, however, Smith has raised more specific allegations which may or may not be sufficient to show a violation of the *Ex Post Facto* clause, but are sufficient for an individualized inquiry into Smith's case. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Thus, we vacate and remand on this issue so Smith may have an opportunity to file a motion to amend his complaint and add the more specific allegations.

B. *Filing Fee*

Next, Smith asserts he should not have to pay the $255 filing fee because the district court granted him permission to proceed IFP. He argues his prison records show he has no money, and the district court made "an obvious mistake" when it granted his motion but still directed him to pay the fee.

"We review the interpretation of the filing fee provision of the PLRA *de novo*." *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Section 1915(b) of the PLRA requires, *inter alia*, that a prisoner bringing a civil action IFP must pay the full filing fee. 28 U.S.C. § 1915(b). "Nevertheless, the PLRA provides that '[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets

and no means by which to pay the initial partial filing fee.'  Accordingly, the impecunious defendant, although liable for the entire fee, may pay his or her entire fee in installments." *Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002) (citations omitted).  The initial filing fee is computed by the district court based on monthly averages of the prisoner's trust account, and should the prisoner have a $0 balance in his account, then the initial filing fee is set at zero.  *See id.* at 1319.

Although Smith logically argues the requirement of an IFP plaintiff to pay a court's filing fee seems contrary, the language of the statute is plain.  *See* 28 U.S.C. § 1915(b).  Therefore, the district court did not err in charging the fee and in its imposition of the partial initial filing fee and installment plan for the remainder.

## II.  CONCLUSION

We affirm the district court's imposition of the filing fee pursuant to § 1915(b) of the PLRA.  However, we vacate the district court's dismissal of Smith's complaint, and remand so Smith may be given an opportunity to file a motion to amend his complaint adding the more specific allegations.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**.