[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 29, 2007
THOMAS K. KAHN
CLERK

No. 06-13823
Non-Argument Calendar
_____

D. C. Docket No. 06-00335-CV-WSD-1

ANDREW SPEAR, et al.,

Plaintiffs,

ROGER C. DAY,

Plaintiff-Appellant,

versus

MILTON E. (BUDDY) NIX, JR.,
GARFIELD HAMMONDS, JR.,
GALE BUCKNER,
EUGENE WALKER,
GARLAND HUNT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(January 29, 2007)**

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Roger Day, a Georgia state prisoner proceeding pro se, appeals the district court's dismissal, pursuant to 28 U.S.C. § 1915A, of his civil rights and Racketeer Influenced and Corrupt Organizations Act ("RICO") actions for failure to state a claim. For the reasons that follow, we affirm in part and reverse and remand in part.

## I. Background

Day was convicted in 1990 on charges of rape, burglary, and aggravated assault, which were committed in 1989. Day was sentenced to two terms of life imprisonment plus 100 years, and incarcerated in Macon State Prison. According to Day, although his offenses of conviction did not make him eligible for a special boot camp program providing expedited parole, he nonetheless was placed in an Special Rehabilitation Program ("SRP") boot camp. Yet despite his participation in the SRP boot camp, he was denied parole in 1996, at which time the Board informed him that he would not be considered for parole again for eight years. In 2004, Day was again denied parole, and the Board notified him that his parole would not be reconsidered for another eight years.

In 2006, Day and four other Georgia state prisoners,[1] acting pro se, filed a complaint under 18 U.S.C. § 1983 and RICO, 18 U.S.C. § 1964(c), against Milton Nix and 34 other members of Georgia's State Board of Pardons and Paroles ("the Board"), the State Board of Corrections, and officials at the Macon and Hancock state prisons (collectively "Defendants") in their individual and official capacities. The complaint alleged various violations of the Due Process Clause of the Fourteenth Amendment, the Eighth Amendment, the Ex Post Facto Clause, and RICO. Specifically, Day alleged, *inter alia*, that the defendants (1) placed him in the SRP boot camp instead of paroling him and then denied him parole after his participation in the SRP; (2) retroactively applied an eight-year set-off for parole consideration to his parole consideration; (3) subjected him to multiple punishments (that is, his life sentences and his placement in the SRP); (4) subjected him to the harsh conditions of the SRP, including disciplinary isolation, (5) acted with deliberate indifference to his medical needs by placing him in the SRP without regard to his asthma, and (6) required him to pay various medical co-payments, the costs of maintaining his prison money account, and the cost of pens, papers, and postage used for communicating with the courts and administrative co-payments.

---

[1] Of the five original plaintiffs, only Day filed a notice of appeal. We therefore only consider the challenged claims as to Day.

After performing the required screening under the Prison Litigation Reform Act, 28 U.S.C. § 1915A, the district court sua sponte dismissed the complaint for failing to state a claim for which relief could be granted. Day filed this appeal.

## II. Discussion

On appeal, Day challenges the district court's dismissal of his complaint on the grounds that the court: (1) erred in concluding that he had not acquired a liberty interest in parole, (2) applied the wrong standard of review in dismissing his ex post facto claim, (3) failed to correctly apply the deliberate indifference standard to his Eighth Amendment claim; and (4) failed to grant him an leave to amend his complaint before dismissing it.[2] He also argues the merits of his claims.

Under 28 U.S.C. § 1915A, the district court is required to screen civil complaints filed by prisoners against governmental officers or entities, and shall

---

[2] Because Day does not challenge the dismissal of his RICO claims, we do not consider them. Allison v. McGhan Medical Corp., 184 F.3d 1300, 1317 n.17 (11th Cir. 1999) ("Issues that are not clearly outlined in an appellant's initial brief are deemed abandoned.").

In the "Statement of the Issues Presented for Review" section of his brief, Day raises the issue of whether the district court erred in concluding that Georgia's two-year statute of limitations bars his claims. But the district court used the statute of limitations as an alternate basis for dismissing Day's ex post facto claim. The court did not hold that the statute of limitations barred any of Day's other claims. In any event, because Day failed to argue the merits of this issue in the argument section of his brief, he is deemed to have abandoned it. See Sepulveda v. U.S. Atty. Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned."); Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (deeming an issue waived when its only mention in the party's brief was in the statement of the case); Tedder v. F.M.C. Corp., 590 F.2d 115, 117 (5th Cir. 1979) (holding an issue waived on appeal where its only mention in the appellant's brief was in the statement of issues).

dismiss the complaint if it is frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b)(1), (b)(2). This court reviews de novo the sua sponte dismissal of a complaint under 28 U.S.C. § 1915A. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). A complaint fails to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Flint v. ABB, Inc., 337 F.3d 1326, 1328-29 (11th Cir. 2003). In screening a complaint under § 1915A, the district court is required to review the action and identify cognizable claims. See 28 U.S.C. § 1915A(b). In doing so, the court must pierce the veil of the complaint and examine the underlying factual allegations. See Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989) (applying 28 U.S.C. § 1915(d)). All allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, federal courts have discretion to dismiss pro se claims if they lack arguable basis either in fact or in law. Nietzke, 490 U.S. at 324-25, 109 S.Ct. at 1831-32.

### A. Due Process Claim

Day argues that the district court erred in holding that he has no cognizable liberty interest in parole. We disagree.

Establishment of a parole system does not automatically create a liberty interest in parole; "[o]nly when a state maintains a parole system that creates a legitimate expectation of parole does it [also] establish a liberty interest in parole that is subject to the protections of the Due Process Clause." Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001). In Sultenfuss v. Snow, this court held that Georgia's parole system did not create such an expectation so that Georgia inmates have no liberty interest in parole. Jones, 279 F.3d at 946 (citing Sultenfuss v. Snow, 35 F.3d 1494, 1502 (11th Cir. 1994) (en banc)). And to the extent that Day challenges the constitutionality of Sultenfuss, he raises this issue for the first time on appeal, and therefore, this court need not consider it. Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994). Moreover, it "is well-settled that there is no federal constitutional right to parole." Jones, 279 F.3d at 946 (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979)). In the absence of a liberty interest in parole, Day's parole-related challenges failed to state a claim upon which relief can be granted.

### B. Ex Post Facto Claim

The Ex Post Facto Clause prohibits states from enacting statutes which

"make more burdensome the punishment for a crime, *after* its commission."

United States v. De La Mata, 266 F.3d 1275, 1286 (11th Cir. 2001) (emphasis added). Retroactive changes to laws governing the parole of prisoners may, in some instances, violate the Ex Post Facto Clause. Garner v. Jones, 529 U.S. 244, 250, 120 S.Ct. 1362, 1267, 146 L.Ed.2d 236 (2000). To prevail on an Ex Post Facto Clause challenge concerning changes in parole procedures, a prisoner "must show that as applied to his own sentence the law created a significant risk of increasing his punishment." Id. at 255, 120 S.Ct. at 1370.

In his complaint, Day alleged that the Board's Policy Statement 4.110, which announced an eight-year set-off period for reconsideration of parole for life-sentence cases, was applied retroactively to his parole consideration. The district court held that the eight-year set-off was in force at the time of Day's 1990 conviction, and therefore, the set-off was not retroactively applied to his parole reconsideration. We agree.

Day was convicted on March 5, 1990. Although the pertinent policy statement was enacted in 1996, the Board amended its parole-consideration rules in 1985 to provide for reconsideration every eight years. Lemlely v. Bowers, 813 F. Supp. 814, 816 (N.D. Ga. 1992); Ga. Comp. R. & Regs. T. 475, Refs. & Annos. (noting the Feb. 1, 1985 amendment to Ga. Comp. R. & Regs. 475-3-.05. adding

7

paragraph (2), which provides for reconsideration of parole every eight years); see also Harris v. Hammonds, 217 F.3d 1346, 1348 (11th Cir. 2000) (stating that the 1986 version of Ga. Comp. R. & Regs. 475-3.05 required a parole-reconsideration hearing at least once every eight years). Thus, the eight-year set-off was not retroactively applied to Day, and we therefore conclude "beyond doubt" that Day can prove no set of facts establishing an Ex Post Facto Clause violation.

C. Eighth Amendment Claim of Deliberate Indifference

The Eighth Amendment's prohibition on "cruel and unusual punishments" imposes a duty on prison officials to provide prisoners with "humane conditions of confinement," including adequate medical care. Farmer v. Brennan, 511 U.S. 825, 832-34, 114 S.Ct. 1970, 1976-1977, 128 L.Ed.2d 811 (1994). It is only the unnecessary and wanton infliction of pain, however, that constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003) (citations omitted). And a prison official's deliberate indifference to an inmate's serious medical needs constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). But not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. Mere inadvertent or

8

negligent failure to provide adequate medical care does not constitute deliberate indifference and cannot be said to constitute an unnecessary and wanton infliction of pain. McElligott v. Foley, 182 F.3d 1248, 1254-55 (11th Cir. 1999).

To show that a prison official acted with deliberate indifference to his serious medical needs, a plaintiff-inmate must satisfy both an objective and a subjective inquiry. Farrow, 320 F.3d at 1223 (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000)). First, the inmate must present "evidence of an objectively serious medical need," which, "[i]n our circuit, . . . is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (citations and internal quotation marks omitted). In either situation, "the medical need must be one that, if left unattended, poses a substantial risk of serious harm." Id. (citations and internal quotation marks omitted). Second, the inmate "must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." Id. (citations omitted). "[A] prison official cannot be found deliberately indifferent under the Eighth Amendment 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

9

inference.'" Id. at 1245 (quoting Farmer, 511 U.S. at 837, 114 S.Ct. at 1979). In

McElligott, this court explained that "deliberate indifference has three components:

(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by

conduct that is more than mere negligence." McElligott, 182 F.3d at 1255.

In an affidavit accompanying his complaint, Day alleged that because he

suffers from chronic migraines, chronic asthma, degenerative herniated discs, his

participation in the SRP subjected him an increased risk for "health failure, strokes

and death" and "sudden and frequent asthma attacks." The district court held that

Day failed to state a claim for which relief could be granted under § 1983 because

he did not "appear" to have suffered any actual injury or even an aggravated

condition as a result of his participation in the SRP. In so holding, however, the

district court failed to apply the two-part inquiry set forth by this court in cases

such as Farrow and Taylor. See Farrow, 320 F.3d at 1223; Taylor, 221 F.3d at

1257. Nonetheless, we agree with the district court's conclusion that Day failed to

state a claim upon which relief could be granted.

We accept as true Day's allegations that he suffers from chronic migraines,

asthma, degenerative herniated discs, and other ailments, see Brown, 387 F.3d at

1347, and we assume, without deciding, that these ailments, together or separately,

constitute a serious medical condition. But beyond his conclusory allegations that

10

the defendants were deliberately indifferent to his medical needs, Day has alleged no facts to support a finding that the defendants possessed the requisite knowledge or acted with the requisite culpability to support a finding of deliberate indifference. For example, Day did not allege that the defendants *knew* he suffered from asthma, migraines, or herniated discs, nor did he allege that the defendants knew (or should have inferred) that his participation in the SRP created a substantial risk of serious harm to his health. Because Day has alleged no facts indicating that any specific defendant was aware of a substantial risk of serious harm to him from his participation in the SRP and failed to take protective measures, Day has failed to state a claim upon which relief can be granted. Cf. Marsh v. Butler County, 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc) (observing that "officials, to be liable [for violating the Eighth Amendment], must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk"). Accordingly, the district court did not err in dismissing Day's Eighth Amendment claim.

## D. Opportunity to Amend the Complaint

Finally, Day argues that the district court should have sua sponte granted him leave to amend his complaint. But Day never filed a motion to amend nor requested leave to amend before the district court. In Wagner v. Daewoo Heavy

11

Industries America Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc), this court held that a district court was not required to sua sponte grant a *counseled* party leave to amend his complaint when no motion to amend was filed. The applicability of the Wagner rule to pro se plaintiffs, however, remains an open question. See id. at 542 n.1 ("In this opinion, we decide and intimate nothing about a party proceeding pro se."). At least regarding Day's ex post facto and due process claims, we need *not* resolve this question here because even if we were to hold that Wagner does *not* extend to pro se plaintiffs, the district court still would have properly dismissed Day's ex post facto and due process claims without leave to amend as amendment would have been futile. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) (holding that "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal"). As we concluded above, there were no set of facts upon which Day could support an ex post facto or due process violation. Accordingly, the district court did not err in failing to grant Day leave to amend his complaint as to his due process and ex post facto claims.

As to Day's deliberate indifference claim, however, we cannot say that allowing Day to amend his complaint would have been futile. Because this court has *not* held that Wagner applies to pro se litigants, on this point at least, the rule

articulated in <u>Bank v. Pitt</u>, 928 F.2d 1108, 1112 (11th Cir. 1991), <u>overruled, in part, by</u> <u>Wagner</u>, 314 F.3d at 542 (en banc), remains good law. In <u>Bank</u>, this court held that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." <u>Bank</u>, 928 F.2d at 1112. Under this standard, we conclude that the district court erred in dismissing Day's Eighth Amendment claim of deliberate indifference without <u>sua sponte</u> granting him leave to amend his complaint.

### III. Conclusion

For the foregoing reasons, we **REVERSE** and **REMAND** the district court's dismissal of Day's Eighth Amendment claim for further proceedings, and we **AFFIRM** the district court's dismissal of Day's ex post facto and due process claims.