Larry JONES, Plaintiff–Appellant,

v.

Walter S. RAY, Chairman, Bobby K. Whitworth, et al., Defendants–Appellees.

No. 01–10973
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 1, 2001.

Larry Jones, Glennville, GA, pro se.

Jacqueline F. Bunn, State of Georgia Dept. of Law, Atlanta, GA, for Defendants–Appellees.

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Larry Jones, a Georgia prisoner serving a life sentence and proceeding *pro se*, appeals the 28 U.S.C. § 1915(e)(2)(B)(i) dismissal of his due process claims and the grant of summary judgment on his equal protection and ex post facto claims in favor of defendant members of the Georgia Board of Pardons and Paroles ("the Board") in this 42 U.S.C. § 1983 action. Jones asserts several claims. First, he asserts that the Board's failure to grant face-to-face meetings as part of his parole procedure and its use of false information in his file constituted a due process violation. Second, he appears to assert that the Board discriminated against him on the basis of poverty in violation of the Equal Protection Clause by failing to adhere to its own rules and procedures. Finally, Jones alleges that the 1986 amendments to the Parole Board Rules and Regulations governing the frequency of reconsideration hearings for inmates serving a life sentence constitute a violation of the ex post facto clause and are thus invalid. The amended rules provide, "Reconsideration of those inmates serving life sentences who have been denied parole shall take place at least every eight years." Ga. Comp. R. & Regs. r. 475–3–.05(2).

■ We review "a district court's grant of summary judgment *de novo*." *Harris v. Hammonds*, 217 F.3d 1346, 1347 (11th Cir.2000) (per curiam). A dismissal for frivolity under § 1915(e)(2)(B)(i) is reviewed for abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). In *Bilal*, we held that a "claim is frivolous if it is without arguable merit either in law or fact." *Id.*

■ Jones's due process claim is foreclosed by our holding in *Sultenfuss v. Snow*, 35 F.3d 1494 (11th Cir.1994) (en banc), that a Georgia inmate has no liberty interest in parole. It also is well-settled that there is no federal constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Only when a state maintains a parole system that creates a legitimate expectation of parole does it establish a liberty interest in parole that is subject to the protections of the Due Process Clause. *Id.* at 12, 99 S.Ct. 2100.

■ While we have held that the use of false information in a parole file can be a due process violation, prisoners cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim. *Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir.1991). Without evidence of the Board's reliance on false information, a prisoner cannot succeed. As Jones did not come forward with any false information relied on by the Board, the district court did not err in dismissing his due process claims under § 1915(e)(2)(B)(i).

■ As to the grant of summary judgment, we have held that not every retroactive procedural change in the parole process is prohibited; rather, the prisoner must show that the regulation, " 'as applied to his sentence,' 'created a significant risk of increasing his punishment.' " *Harris*, 217 F.3d at 1350 (quoting *Garner v. Jones*, 529 U.S. 244, 255, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000)). As Jones cannot show that he would have been eligible for parole within the eight-year time period, the district court did not err in granting summary judgment on the ex post facto claim.

■ The district court also did not err with respect to the equal protection claim. To establish an equal protection claim, a prisoner must demonstrate that (1) "he is

similarly situated with other prisoners who received" more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Damiano v. Fla. Parole & Prob. Comm'n,* 785 F.2d 929, 932–33 (11th Cir.1986) (per curiam). Jones did not set forth any facts in support of his allegations. Even a liberal interpretation of this *pro se* pleading does not reveal any factual basis for an equal protection claim. Thus, we affirm the grant of summary judgment in favor of the defendants.

AFFIRMED.