[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 31, 2005
THOMAS K. KAHN
CLERK

No. 05-11541
Non-Argument Calendar

_____

D. C. Docket No. 04-02128-CV-CAM-1

JIMMY ROGERS,

Plaintiff-Appellant,

versus

MILTON NIX,
BETTY COOK,
GARFIELD HAMMONDS,
EUGENE WALKER,
MICHAEL LIGHT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 31, 2005)

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Jimmy Rogers, a Georgia prisoner proceeding pro se, appeals the dismissal, pursuant to the Prison Litigation Reform Act, of his due process and ex post facto claims in this 42 U.S.C. § 1983 action. We affirm the district court's decision for the reasons set forth below.

I.

Rogers filed a pro se civil rights complaint under 42 U.S.C. § 1983 against Georgia State Board of Pardons and Paroles members Milton Nix, Betty Cook, Garfield Hammonds, Eugene Walker, and Michael Light (collectively, the "Board") in their individual and official capacities.[1] Rogers alleged that the Board violated his due process rights because he had a liberty interest in parole, the Board used false information to deny his parole, and the Board ignored his attempts to appeal the Board's decision. Rogers also alleged that the Board violated the Ex Post Facto Clause by relying on policies enacted after his conviction to deny parole.

The district court screened the case pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and dismissed the complaint for failure to state a claim.

_____

[1]Although the district court did not address the specific claims against the Board members in their official capacities, such claims are barred. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

2

The district court found that there was no evidence that the Board relied on false information and that Rogers had not identified a new policy that had been applied retroactively to him or explained why he faced a significant risk of increased punishment.

Rogers then moved to amend the court order, asserting that his pro se complaint was entitled to liberal construction. The court denied the motion, noting that there was no liberty interest in parole and that there was no evidence that Rogers faced a lengthier sentence. Rogers appealed the district court's decisions, and now also argues that the defendants were in default in the district court.[2]

## II.

This court reviews de novo a sua sponte dismissal under 28 U.S.C. § 1915A(b) for failure to state a claim. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001).

A. Due Process Clause of the Fourteenth Amendment

Rogers's due process claims are foreclosed by this court's decision in *Sultenfuss v. Snow*, 35 F.3d 1494 (11th Cir. 1994) (en banc), in which we held that a Georgia inmate has no liberty interest in parole. Establishment of a parole

---

[2]Because Rogers raises this issue for the first time on appeal, this court need not consider it. *See Narey v. Dean*, 32 F.3d 1521, 1526-27 (11th Cir. 1994) (holding that arguments raised for the first time on appeal are not considered by this court absent one of five exceptions not relevant here).

system does not automatically create a liberty interest in parole, but instead "[o]nly when a state maintains a parole system that creates a legitimate expectation of parole does it [also] establish a liberty interest in parole that is subject to the protections of the Due Process Clause." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001). *Sultenfuss* was clear in its statement that Georgia's parole system did not create such an expectation. To the extent that Rogers challenges the constitutionality of *Sultenfuss*, he raises this issue for the first time on appeal, and therefore, this court need not consider it. *Narey v. Dean*, 32 F.3d 1521, 1526-27 (11th Cir. 1994). Further, "it also is well-settled that there is no federal constitutional right to parole." *Jones*, 279 F.3d at 946 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). In the absence of a liberty interest in parole, Rogers is not entitled to the protections afforded by the Due Process Clause.

Similarly, Rogers's claim regarding the Board's alleged use of false information also fails. Although this court has held that "the use of false information in a parole file can be a due process violation, prisoners cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim." *Id.* (citing *Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir. 1991)). In short, without evidence of the Board's reliance on false information, a

4

prisoner cannot succeed. Here, Rogers failed to proffer any evidence of the Board's reliance on false information to rescind his parole, and his conclusory allegation that it must have at least ignored true information is insufficient. Rogers's submission of evidence that he already completed some of the preconditions set for his release does nothing to show that the Board relied on false information in the course of its decision-making. Accordingly, the district court properly determined that Rogers failed to state a claim on these grounds.

B. Ex Post Facto Clause

The Ex Post Facto Clause prohibits a state from enacting statutes which "make more burdensome the punishment for a crime, after its commission." *United States v. De La Mata*, 266 F.3d 1275, 1286 (11th Cir. 2001). To prevail in an Ex Post Facto Clause challenge concerning changes in parole procedures, a prisoner "must show that as applied to his own sentence the law created a significant risk of increasing his punishment." *Garner v. Jones*, 529 U.S. 244, 255 (2000).

Here, Rogers failed to identify a new policy that was applied retroactively to his case. Although pro se pleadings are entitled to liberal construction, a plaintiff still must identify the facts that give rise to the allegations. Rogers's proffer of the Board's letter stating only that his case was reviewed "in accordance with Board

5

policy" fails in that regard. Moreover, Rogers failed to explain how the Board's application of Board policy created a "significant risk of increasing his punishment." As conclusory allegations are insufficient to support a complaint, *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984), the district court properly dismissed this claim.

Accordingly, we AFFIRM the district court's dismissal of this action.