[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

-------------------------------------------

No. 07-13154
Non-Argument Calendar

-------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 17, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-01427-CV-CAM-1

TIM KRAMER,

                                        Plaintiff-Appellant,

versus

JAMES E. DONALD,
et al.,

                                        Defendants,

MILTON E. NIX, JR.,

                                        Defendant-Appellee.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
-------------------------------------------------------------------

**(July 17, 2008)**

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Tim Kramer, a Georgia prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. The complaint was dismissed, in part, for failure to state a claim upon which relief can be granted, 28 U.S.C. § 1915A(b)(1), and in part, upon a grant of summary judgment in favor of one defendant. No reversible error has been shown; we affirm.

In his section 1983 complaint, Kramer alleged that Michelle Martin, warden at a prison where he was housed, failed to supervise the deputy warden who put Kramer in administrative segregation without providing him a reason why, and failed to ensure that the prison grievance procedure was properly followed. He also alleged that Don Jarriel, warden at another prison where Kramer had been housed, used Kramer's prior vacated death sentence to transfer him to a higher security prison in violation of due process and equal protection. In addition, he alleged due process and equal protection violations against Milton E. Nix., Jr., chairman of the Georgia Board of Pardons and Paroles ("Board"), for considering

his vacated death sentence for parole consideration. The district court dismissed these claims for failure to state a claim.[1]

On appeal, Kramer repeats the allegations he made in district court against Martin, Jarriel, and Nix. We review de novo a district court's sua sponte dismissal for failure to state a claim under section 1915A(b)(1). Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001).

The district court committed no error in dismissing these claims. Kramer sought to hold Martin liable in her supervisory capacity; but section 1983 does not allow a supervisor to be held liable for the unconstitutional acts of their subordinates. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Kramer did not allege that Martin personally participated in his placement in administrative segregation or in the handling of his grievances; nor did he establish a causal connection between Martin and the alleged unconstitutional acts. See id.

About Jarriel, Kramer did not state a due process claim because he has no constitutionally protected liberty interest in being classified at a certain security

---

[1]The district court also dismissed Kramer's claims against defendant James Donald, Commissioner of the Georgia Department of Corrections, and Kramer's Double Jeopardy claim against Nix, pursuant to section 1915A. But, on appeal, Kramer does not challenge the dismissal of Donald or the Double Jeopardy determination; and thus, he has abandoned these claims. See Denney v. City of Albany, 247 F.3d 1172, 1182 (11th Cir. 2001) (explaining that issues not briefed on appeal are abandoned).

level or housed in a certain prison.  See Meachum v. Fano, 96 S.Ct. 2532, 2538 (1976) (no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison); Moody v. Daggett, 97 S.Ct. 274, 279 n.9 (1976) (prison officials have full discretion to control conditions of confinement, including prisoner classification) (citing 18 U.S.C. § 4081).  Kramer's due process claim against Nix is foreclosed by our decision in Sultenfuss v. Snow, 35 F.3d 1494, 1499-1503 (11th Cir. 1994), that a Georgia inmate has no liberty interest in parole.  See also Slocum v. Ga. State Bd. of Pardons & Paroles, 678 F.2d 940, 941-42 (11th Cir. 1982) (procedural due process protections do not apply to the parole consideration process).  Kramer also did not state an equal protection claim against Jarriel or Nix because he did not show that the alleged discriminatory treatment he received was based on a constitutionally protected interest, such as race.  See Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001).

The district court allowed two of Kramer's claims against Nix to proceed: (1) the precondition for parole consideration that he complete a sex offender counseling program impermissibly classified him as a sex offender, even though he was not convicted of a sex crime, in violation of due process, and (2) participation in the program amounted to admitting that he was a sex offender, in

4

violation of his Fifth Amendment privilege against self-incrimination. Then, the district court granted summary judgment in favor of Nix on these claims. Kramer repeats these claims on appeal.[2] We review a district court's grant of summary judgment de novo; we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999).

We have said that a prisoner who has not been convicted of a sex offense is entitled to due process before the state declares him to be a sex offender; "the stigmatizing effect of being classified as a sex offender constitutes a deprivation of liberty under the Due Process Clause." Kirby v. Siegelman, 195 F.3d 1285, 1292 (11th Cir. 1999). The Kirby inmate -- who, like Kramer, had been convicted of no sex crime -- was classified as a sex offender under Alabama Department of Corrections regulations. But unlike the Kirby inmate, Kramer has been subjected to no such classification.[3] The Board has determined only that the non-sexual

---

[2]In addition, Kramer argues that Nix relied on a "confession" of a codefendant in placing the precondition on him in violation of the Confrontation Clause. But we need not consider this argument because Kramer did not raise it in his section 1983 complaint. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

[3]Classification or designation as a sex offender under Georgia law is controlled by Georgia's Sex Offender Registration law, O.C.G.A § 42-1-12. Citing that statute, the Board averred that no classification or designation of an offender as sex offender is made until the offender is placed on parole, and, consequently, the Board has had no cause to date to consider whether Kramer is a sex offender.

offense for which Kramer has been imprisoned also had a sexual component that warrants counseling; neither the Board nor the Georgia Department of Corrections has classified or otherwise labeled Kramer as a sex offender.[4]

Kramer seeks to characterize the Board's counseling precondition as a "classification"; we do not accept that the Board's judgment that Kramer -- and society -- would be best served if Kramer completed a counseling program is equivalent to the formal classification at issue in Kirby. We agree with the district court that the Board's counseling precondition is insufficiently stigmatizing to constitute a deprivation of a constitutionally protected liberty interest and to support a due process entitlement. The district court properly granted summary judgment to Nix on this claim.

About his self-incrimination claim, the district court also correctly granted summary judgment in Nix's favor. The evidence shows that the precondition that Kramer participate in sex-offender counseling did not limit his parole consideration or eligibility; but instead, the participation was something the Board would take into consideration the next time it considered him for parole. In addition, Kramer does not have a protected interest in parole consideration or

---

[4] According to the Board, its records indicated that one of the victims of Kramer's aggravated assault had been told to take off her underwear; and Kramer "felt between her legs."

release due to the substantial discretion of the parole board. See <u>Sultenfuss</u>, 35 F.3d at 1501-02; <u>Slocum</u>, 678 F.2d at 941-42. Because the precondition did not deprive him of parole consideration and because participation in the program would not guarantee a grant of parole in any event, the consequences that would result from asserting the Fifth Amendment privilege are not serious enough to constitute compulsion under the Fifth Amendment. See <u>McKune v. Lile</u>, 122 S.Ct. 2017, 2033-34 (2002) (consequences for prisoner's refusal to make admissions required for participation in sexual abuse treatment program were not so severe that it amounted to compelled self-incrimination because it did not extend prisoner's term or affect his eligibility for parole).

**AFFIRMED.**