[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11443
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-22486-CV-KMM

ROBERT J. SMITH, JR.,

Plaintiff-Appellant,

versus

REGIONAL DIRECTOR OF FLORIDA DEPARTMENT OF
CORRECTIONS,
Martha Vilicarta,
JOHN DOE,
Warden,
LT. FURGESON,
JOHN DOE,
Officer,
MARTHA VILLACORTA, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 10, 2010)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Robert J. Smith, Jr., a Florida state prisoner proceeding pro se and in forma pauperis ("IFP"), appeals the district court's sua sponte dismissal, under 28 U.S.C. §1915(e)(2)(B), of his 42 U.S.C. § 1983 civil rights action. On appeal, Smith argues that: (1) his compliance with Fed.R.Civ.P. 8 precluded a dismissal for failure to state a claim; (2) the district court failed to accept the facts in his complaint as true; (3) the district court failed to apply the appropriate rational relationship standard; (4) the district court improperly "offered a defense" for the defendants by sua sponte dismissing his case; (5) racial harassment by government officials can violate the Equal Protection Clause; (6) his disciplinary confinements violated his due process rights; and (7) the defendants were deliberately indifferent in violation of the Eighth Amendment, because his grievances gave them notice of the harm he faced and they failed to protect him from an attack by another inmate. After careful review, we affirm.

We review a district court's sua sponte dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) de novo, using the same standards that govern Fed.R.Civ.P. 12(b)(6) dismissals. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Jones v.

Bock, 549 U.S. 199, 215 (2007). However, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

First, we find no merit to Smith's claim that his compliance with Fed.R.Civ.P. 8 precluded a dismissal for failure to state a claim. Section 1915(e)(2)(B) of the Prison Litigation Reform Act provides that "the court shall dismiss the case at any time if the court determines that -- . . . (B) the action or appeal -- (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to set forth a "short and plain" statement of his claim. Fed.R.Civ.P. 8(a).

Construing Smith's argument liberally, see Tannenbaum, 148 F.3d at 1263, we interpret his claim to be that where a complaint complies with Rule 8, it necessarily is not frivolous and states a claim for which relief can be granted. However, as the rules clearly provide, Rule 8 concerns a petitioner's obligation to provide a clear explanation of his case, while § 1915(e)(2)(B) concerns the availability of a judicial remedy. There is thus no merit to Smith's argument.

Second, we reject Smith's argument that the district court failed to accept his allegations as true. As the record shows, the magistrate judge recognized the court's obligation to accept the facts in the complaint as true and to view them in the light most favorable to Smith, the magistrate judge's recommendation was based only on the facts alleged in Smith's complaint, and the district court adopted the magistrate judge's report. The district court therefore accepted Smith's factual allegations as true and viewed them in the light most favorable to Smith, and Smith has not shown that the district court erred, much less plainly erred, on this ground.[1]

Third, we are unpersuaded by Smith's claim that the district court failed to apply the appropriate rational relationship standard. Indeed, it is unclear which claims Smith believes should have been analyzed under a rational relationship standard. His equal protection claims were based on race, and distinctions based on race are subject to strict scrutiny. Johnson v. California, 543 U.S. 499, 509 (2005). Moreover, the district court dismissed those claims because the harassment Smith suffered resulted in no actionable injury, not because the alleged racial distinctions were sufficiently related to a governmental interest.

---

[1] Smith did not file any objections to the magistrate judge's report, including his treatment of the facts, so we review this challenge only for plain error. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

4

Fourth, we disagree with Smith's argument that the district court improperly "offered a defense" for the defendants by <u>sua sponte</u> dismissing his case. Federal law clearly provides that a district court may dismiss an IFP action at any time for frivolity or failure to state a claim. 28 U.S.C. §1915(e)(2)(B). The Supreme Court has recognized that, where an affirmative defense appears on the face of a complaint, it may be dismissed for failure to state a claim. <u>See</u> <u>Jones</u>, 549 U.S. at 215-16. Because the district court was authorized to <u>sua sponte</u> dismiss Smith's case, Smith's argument on this point is baseless.

Fifth, we find no merit in Smith's Equal Protection claims. To establish a claim under the Equal Protection Clause, a prisoner can allege that "(1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." <u>Jones v. Ray</u>, 279 F.3d 944, 946-47 (11th Cir. 2001) (quotation omitted) (hereinafter <u>Ray</u>). Where the protected interest is race, strict scrutiny applies. <u>Johnson</u>, 543 U.S. at 509. A policy withstands strict scrutiny only if the government shows that it is "narrowly tailored to serve a compelling state interest." <u>Id.</u>

"In civil rights actions, . . . a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." <u>Fullman v. Graddick</u>,

5

739 F.2d 553, 556-57 (11th Cir. 1984). Thus, a complaint alleging a conspiracy may be dismissed if it contains only conclusory, vague, and general allegations of a conspiracy. Id. at 557.

Here, contrary to Smith's apparent belief otherwise, there is no dispute that racial harassment by government employees can violate the Equal Protection Clause. The district court's dismissal of Smith's equal protection claims was based on its conclusion that the facts alleged by Smith did not give rise to a valid claim, and this conclusion was correct. For starters, to the extent Smith contends that Department officials had a racially-motivated conspiracy against him, his claim fails because he has not alleged any facts demonstrating the existence of such a conspiracy. See id. at 556-57. In addition, Smith's apparent claim that the lunch table, denial of breakfast, mailroom, and gate incidents were racial harassment also fails because Smith has offered nothing more than conclusory allegations that officials treated Smith differently than other similarly-situated prisoners because of his race. See Ray, 279 F.3d at 946-47. And, Smith's claim that the defendants falsified documents and wrongfully segregated him as a form of racial harassment likewise fails because, even assuming the defendants acted wrongfully, there is no indication that their actions were motivated by race. See id. Accordingly, the district court did not err by dismissing Smith's equal protection claims.

Sixth, we also reject Smith's claim that his disciplinary confinements violated his due process rights. The Due Process Clause protects against deprivations of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. The Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement," but "a liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations, subject to the important limitations set forth in Sandin v. Conner, 515 U.S. 472 . . . (1995)." Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005). Pursuant to Sandin, due process is required before an inmate may be deprived of a state-created benefit if the deprivation of that benefit "imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

The Florida Administrative Code provides that inmates are subject to administrative and disciplinary confinement only in certain circumstances. See Fla.Adm.C. 33-602.220, 33-602.222. "After Sandin, . . . the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life." Wilkinson, 545 U.S. at 223 (quotation omitted).

7

In Sandin, the Supreme Court conducted a fact-intensive comparison between the conditions of a prisoner's 30-day disciplinary segregation with the "conditions imposed upon inmates in administrative segregation and protective custody," as well as with conditions imposed upon inmates in the prison's general population, and concluded that 30 days of segregation was not an atypical or significant hardship. 515 U.S. at 485-86.

Here, although Smith alleged that he was improperly segregated, he did not allege any facts which could be liberally construed to show that his 15- and 30-day confinements were a major disruption to his environment as compared to placement in the general population. See id. Thus, the district court properly dismissed these claims.

Finally, we are unpersuaded by Smith's claim that the defendants violated the Eighth Amendment by failing to protect him from another inmate's attack. Under the Eighth Amendment, "[p]rison officials have a duty to protect prisoners from violence at the hands of other prisoners. It is not, however, every injury suffered by one prisoner at the hands of another that translates into a constitutional liability." Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313, 1319 (11th Cir. 2005) (quotation and alterations omitted). "To show a violation of [his] Eighth Amendment rights, Plaintiff must produce sufficient evidence of (1) a

8

substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Id. (quotation omitted). "To be deliberately indifferent a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1319-20 (quotations omitted). Thus, simple negligence is not actionable under § 1983, and a plaintiff must allege "a conscious or callous indifference to a prisoner's rights." Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982). "We will not allow the advantage of hindsight to determine whether conditions of confinement amounted to cruel and unusual punishment." Purcell, 400 F.3d at 1320.

Here, Smith failed to allege facts tending to show that prison officials exhibited deliberate indifference sufficient to constitute a constitutional violation. Smith was attacked by a fellow inmate, but there is no indication that the defendants foresaw that attack, or that they caused that attack, and both elements are required for them to violate the Eighth Amendment. See id. at 1319-20. On appeal, Smith argues, generally, that his grievances put the defendants on notice and that their failure to protect him from the other inmate amounted to deliberate indifference. However, his pre-attack grievances concerned allegations that

Department officials had wrongfully segregated him, not that he was at risk for an attack. Accordingly, Smith did not allege facts showing that the defendants were consciously or callously indifferent, and we affirm as to this issue as well.

**AFFIRMED.**