[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14616
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cv-00067-MHT-WC


DAVID LAMAR JOHNSON,

                                                                    Plaintiff-Appellant,

versus

WARDEN,
LEWIS HULETT,
Lt.,
SGT. CROSS,
MATTHEW DAVIDSON,
Officer,

                                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(September 27, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

David Lamar Johnson, an Alabama state prisoner, appeals *pro se* from the district court's grant of summary judgment in his civil rights action against four defendants, all prison officials, brought pursuant to 42 U.S.C. § 1983. Johnson filed a complaint alleging the prison officials: (1) violated his due process rights; (2) violated his First Amendment right to be free from retaliation for engaging in protected speech; (3) violated his equal protection rights; (4) conspired amongst themselves to violate his constitutional rights; (5) unlawfully searched his cell and destroyed his personal and legal property; and (6) exposed him, with deliberate indifference, to unreasonable levels of environmental tobacco smoke (ETS) in violation of the Eighth Amendment.[1] The district court granted the prison officials' motion for summary judgment on all claims. Johnson argues on appeal that he presented enough evidence on all of his claims to defeat a summary judgment motion.

We review a district court's grant of summary judgment *de novo*, considering all evidence in the light most favorable to the non-moving party.

---

[1] To the extent Johnson seeks injunctive or declaratory relief, these claims are moot because Johnson is no longer housed in the place in which his complaint arose. *See Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986).

*O'Bryant v. Finch*, 637 F.3d 1207, 1212 n.9 (11th Cir. 2011).  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *Pro se* litigants are not excused from the burden of establishing that there exists a genuine issue of material fact.  *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

As an initial matter, the district court was correct to conclude the Eleventh Amendment barred the claims brought against the prison officials in their official capacities.  *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997).  Like the district court, we need not decide whether qualified immunity also applies because there is insufficient evidence that any cause of action existed, as discussed below.

With respect to his due process claim, Johnson failed to present any evidence beyond conclusory allegations suggesting the prison did not provide him with due process protections when they disciplined him.  Johnson received all procedural protections afforded to prisoners, including notice, a copy of the disciplinary report, and an opportunity to call witnesses and present evidence.  *O'Bryant*, 637 F.3d at 1213-14.  Moreover, there is no evidence the prison officials relied on information they knew was false in finding Johnson guilty.  *See Monroe v. Thigpen*, 932 F.2d 1437, 1441-42 (11th Cir. 1991).  Because Johnson

3

was found guilty of the disciplinary charges, evidence supported the finding, and Johnson was afforded adequate due process, he is barred from bringing a First Amendment retaliation claim. *See O'Bryant*, 637 F.3d at 1215. Thus, Johnson's due process and First Amendment claims fail.

With respect to his equal protection claim, Johnson failed to present any significant evidence that the prison officials discriminated against him on the basis of his race. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001). Likewise, with respect to his conspiracy claims, Johnson failed to present any non-conclusory and meaningful evidence that the prison officials reached an agreement to violate his constitutional rights. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283-84 (11th Cir. 2002). Johnson has failed to show a triable issue of fact on both of these claims.

Johnson's claims regarding the search of his prison cell must also fail because Johnson does not have a reasonable expectation of privacy in his cell. *Hudson v. Palmer*, 104 S.Ct. 3194, 3200 (1984). As a result, a search of his cell did not violate his Fourth Amendment rights, and he has no § 1983 cause of action arising from the search. *See id.* at 3202. Further, Alabama provides Johnson with an adequate state remedy for the destruction of his property. *See id*. at 3204.

Finally, with respect to his ETS claims, Johnson failed to present evidence

4

that he was exposed to an unreasonable amount of smoke while at Ventress Correctional Facility. *Kelley v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005). He also presented no evidence beyond his own conclusory allegations that the ventilation in the prison was inadequate. *Id.* at 1285. Evidence that some smoking occurs at Ventress despite the presence of a non-smoking policy is not sufficient to overcome a summary judgment motion. Moreover, Johnson failed to demonstrate that the prison officials were more than negligent in carrying out the prison's no-smoking policy. *Id.* Thus, Johnson's ETS claim fails.

**AFFIRMED.**