[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15007
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00169-RH-CAS


THEODORE MENUT,

Plaintiff-Appellant,

versus

FLORIDA COMMISSION ON OFFENDER REVIEW,
TENA M. PATE,
BERNARD R. COHEN, SR.,
MELINDA N. COONROD,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 26, 2018)

Before MARTIN, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Theodore Menut, a Florida prisoner proceeding pro se,[1] appeals the district court's dismissal of his 42 U.S.C. § 1983 civil action against Defendants: three Commissioners of the Florida Commission on Offender Review ("Commission").  Briefly stated, Plaintiff contends that Defendants relied knowingly on false information in calculating Plaintiff's Presumptive Parole Release Date ("PPRD") and, thus, violated Plaintiff's due process rights.  The district court dismissed sua sponte Plaintiff's second amended complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  No reversible error has been shown; we affirm.

We review de novo a district court's dismissal under section 1915(e)(2)(B)(ii), viewing the allegations in the complaint as true.  Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017).  In reviewing a dismissal under section 1915(e)(2)(B)(ii), we apply the same standard that applies to dismissals under Fed. R. Civ. P. 12(b)(6).  Id.

---

[1] We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). To state a plausible claim for relief, plaintiffs must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant; plaintiffs must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Generally speaking, Florida prisoners have no liberty interest in parole and, thus, can state no due process claim based on the calculation of the inmate's PPRD. Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 931-32 (11th Cir. 1986) (no liberty interest exists in the Florida Commission's calculation of an inmate's PPRD); Hunter v. Fla. Parole & Prob. Comm'n, 674 F.2d 847, 848 (11th Cir. 1982) (in the context of a 28 U.S.C. § 2254 petition, rejecting a due process claim based on the calculation of petitioner's PPRD because Florida statutes create no constitutionally protected liberty interest in parole).

A claim for violation of due process may, however, arise when the parole board engages in "flagrant or unauthorized action." Monroe v. Thigpen, 932 F.2d

1437, 1442 (11th Cir. 1991).  A parole board exceeds its authority -- and acts "arbitrarily and capriciously in violation of due process" -- when it relies knowingly on false information in making decisions about parole.  Id.  To state a due process claim based on the parole board's use of false information, a prisoner must do more than make conclusory allegations.  Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001).  "Without evidence of the Board's reliance on false information, a prisoner cannot succeed."  Id.

In his second amended complaint, Plaintiff alleged that Defendants "knowingly used untrue information in calculating the PPRD, or were deliberately indifferent to incorrect information in calculating the PPRD."  In particular, Plaintiff challenges Defendants' determinations that Plaintiff (1) had one or two prior convictions, (2) had one prior incarceration, (3) had up to two years' time served, (4) was first incarcerated at 17 years' old or younger; and (5) had attempted to conceal evidence of his crime.

First, Plaintiff alleges no facts supporting his contention that Defendants' determinations about his criminal history were incorrect.  Moreover, pertinent documents from Plaintiff's state court post-conviction proceedings support the challenged findings.[2]

---

[2] In determining whether Plaintiff's complaint was subject to dismissal, the district court considered -- and took judicial notice of -- two state court orders entered in Plaintiff's post-conviction proceedings and the Commission Action Form calculating Plaintiff's challenged

Even if we accept that the information about Plaintiff's criminal history was incorrect, Plaintiff has also alleged no facts that would support a reasonable inference that Defendants knew that the information was false.  Absent factual support, Plaintiff's conclusory allegations that Defendants knowingly relied on false information are insufficient to state a plausible claim for a due process violation.  The district court committed no error in dismissing Plaintiff's second amended complaint for failure to state a claim.

Plaintiff also appears to assert that the district court erred in dismissing his complaint without first requesting a confidential document "central to his claim." We reject this argument.  In determining whether a plaintiff has stated a claim for relief, the district court -- with limited exceptions -- considers only the allegations set forth in the complaint.  Because the district court concluded that Plaintiff failed to allege facts sufficient to state a claim for relief, Plaintiff's complaint was subject to dismissal under section 1915(e)(2)(B)(ii), and Plaintiff was entitled to no discovery or evidentiary hearing.

AFFIRMED.

---

PPRD.  Because the authenticity of these extrinsic documents is unchallenged and because these documents are central to Plaintiff's claim, the district court committed no error in considering these documents as part of its section 1915(e)(2)(B) review.  See U.S. ex . rel. Osheroff v. Humana Inc., 776 F.3d 805, 811 & n.4 (11th Cir. 2015).

5