[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10152
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-00249-HLM

MITCHELL LAVERN LUDY,

Plaintiff-Appellant,

versus

JAMES W. MILLS,
BRAXTON T. COTTON,
Vice Chairman of Board of Pardons and Parole,
BRIAN OWENS,
JACQUELINE BUNN,
TERRY E. BARNARD,
Chairman of Board of Pardons and Paroles,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 25, 2019)

Before MARTIN, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Mitchell Ludy, a state prisoner proceeding *pro se*, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim.  Ludy asserts that the Georgia State Board of Pardons and Paroles failed to include a statutorily required eligibility requirement for parole in its rules and regulations, which, according to him, violated his right to due process by precluding him from knowing the eligibility criteria for parole.

A district court must dismiss a complaint if it finds that the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1).  We review *de novo* a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A(b)(1).  *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001) (*per curiam*).  In evaluating dismissals under § 1915A(b)(1), we use the same standard that governs dismissals under Fed. R. Civ. P. 12(b)(6).  *Id*.  Allegations in a complaint are accepted as true and construed "in the light most favorable to the plaintiff."  *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).  *Pro se* pleadings are liberally construed.  *Leal*, 254 F.3d at 1280.

To prevail on his § 1983 procedural due process claim, Ludy must prove that he was deprived of a constitutionally protected liberty interest.  *Cryder v.*

2

*Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994).  We have previously held, however, that the Georgia parole statutes do not create a liberty interest in parole.  *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (*per curiam*).  Therefore, even construing his pleadings liberally, Ludy does not have a legitimate claim that entitles him to relief.  Accordingly, the district court did not err in dismissing Ludy's § 1983 complaint for failure to state a claim.

    **AFFIRMED.**