[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13110
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-05905-CAP

WILLIAM MANN,

Plaintiff-Appellant,

versus

HENRY ADRIAN JOSEPH,
Clayton County Police Officer,
MICHAEL WATTS,
Clayton County Police Officer,
CLAYTON COUNTY,
JOHN DOES 1-3,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 28, 2020)

Before WILSON, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

William Mann appeals the dismissal of his complaint against Clayton County and two of its police officers, Henry Joseph and Michael Watts. Mann disrupted a criminal investigation in his girlfriend's apartment by barging in unannounced while wearing a holstered gun, and officers ordered Mann at gunpoint to surrender and then arrested him on charges that were later dismissed. Mann complained of excessive force during his seizure, an arrest without probable cause, an arrest in retaliation "for exercising his right to carry a gun," and the violation of his right to equal protection. 42 U.S.C. §§ 1983, 1985. Mann also complained about violations of his federal right to due process and of several state laws, but Mann has abandoned any challenge he could have made to the dismissal of his claim about due process or to the refusal of the district court to exercise supplemental jurisdiction over his claims under state law. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318–19 (11th Cir. 2012). We affirm the dismissal of Mann's complaints of excessive force and retaliation based on qualified immunity and the dismissal of his claim of a violation of his right to equal protection for failure to state a claim. But because the district court erred by dismissing Mann's claim of unlawful arrest despite determining that the officers

2

lacked arguable probable cause, we vacate that part of the order of dismissal and remand for further proceedings.

## I. BACKGROUND

Mann's complaint stemmed from the officers' response to his arrival at Gala Nelson's apartment. Because the district court dismissed Mann's complaint, we accept as true his allegations describing the incident. *See Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019). On February 16, 2017, Mann drove to Ms. Nelson's home after she called him and said "that she had been threatened and/or attacked by others." Mann "entered Ms. Nelson's residence, and immediately approached her" while he was "carrying a gun, in a holster" and his "hands were empty." Officers Joseph and Watts were "in Ms. Nelson's residence and, upon seeing [Mann], who is a black male," the officers "began screaming at [Mann] to remove his gun, put it down, and to get on the ground." Mann "immediately compl[ied]" and "made every effort to assuage the . . . police officers . . . [while his holstered] gun . . . [was] near them." Officer Watts arrested Mann, "charged [him] with multiple crimes and held [him] in jail." Mann alleged that Officers Watts and Joseph "falsely claimed in their written reports that [Mann] was carrying a gun when he entered the residence." Mann remained "under the threat of prosecution" until "[a]ll charges against [him] were terminated in his favor . . . ."

3

After the County and its officers moved to dismiss Mann's complaint based in part on qualified immunity and in part for failure to state a claim, the district court granted the motion. The district court ruled that the officers were immune from suit because Mann "failed to carry his burden of establishing that the Officers . . . violated his Fourth Amendment right to be free from seizure with excessive force" when they "act[ed] reasonably, based on the information they possessed at the time, when they drew their weapons and issued . . . commands" for Mann to surrender. The district court concluded that the officers arrested Mann without arguable probable cause, but ruled that they enjoyed qualified immunity because no existing law clearly established Mann had a "right to carry a weapon in another person's residence while law enforcement are there investigating a violent crime." And the district court ruled that Mann failed to state a claim that he was denied equal protection when he identified no similarly situated individual who had been treated more favorably than him and that the County was not liable when its officers did not violate Mann's constitutional rights.

## II. STANDARD OF REVIEW

We review *de novo* the dismissal of a complaint based on qualified immunity, *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019), and for failure to state a claim, *Doe v. Miami-Dade Cty., Fla.*, 846 F.3d 1180, 1183 (11th Cir. 2017). "[I]t is proper to grant a motion to dismiss on qualified immunity grounds

4

when the complaint fails to allege the violation of a clearly established constitutional right" or to allege that "the violated right was clearly established." *Corbitt*, 929 F.3d at 1311 (internal quotation marks omitted). Dismissal for failure to state a claim is appropriate if the facts pleaded fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

Mann challenges the dismissal of his claims of unlawful arrest, excessive force, retaliation, and the denial of equal protection. Mann argues that Officers Joseph and Watts violated his clearly established right not to be arrested without probable cause, they seized him with excessive force by "screaming and pointing guns at him," they retaliated against him exercising his right to carry a gun, and they arrested him for "being a black man with a gun." Mann argues that the County is liable for the officers' actions and that the County had a "pattern or practice . . . of treating armed black men as deserving of panic and arrest."

We address first Mann's claims against the officers and then address his claims against the County. We agree with Mann that the district court erred by dismissing his claim against the officers for unlawful arrest based on qualified immunity, but we affirm the dismissal of Mann's remaining claims against the officers and all his claims against the County.

*A. Mann's Claims Against Officers Joseph and Watts.*

5

The district court dismissed Mann's claims against Officers Joseph and Watts based, in part, on the defense of qualified immunity and, in part, on Mann's failure to state a claim against the officers. The officers invoked the defense of qualified immunity, which entitles them to avoid liability for discretionary acts they undertook in their individual capacity so long as "their conduct [did not] violate[] clearly established statutory or constitutional rights of which a reasonable person would have known." *Shaw v. City of Selma*, 884 F.3d 1093, 1099 (11th Cir. 2018) (quoting *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007)). Because Mann does not dispute that the officers were acting within their discretionary authority during the incident in question, *see Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002), they enjoy qualified immunity unless Mann's complaint alleged facts, if accepted as true, that established the officers' actions violated a right protected by the Constitution, *Saucier v. Katz*, 533 U.S. 194, 201 (2001), and that the alleged constitutional right was clearly established at the time of the incident, *see id.* at 202. And to avoid dismissal for failure to state a claim, Mann had to establish that his claims were facially plausible—that is, that he pleaded sufficient factual matter for the district court to draw a reasonable inference that the officers were liable for the alleged misconduct that he alleged they committed. *See Ashcroft*, 556 U.S. at 678.

## 1. Unlawful Arrest

The Fourth Amendment protects citizens against an arrest without probable cause. *Carter v. Butts Cty., Ga.*, 821 F.3d 1310, 1319 (11th Cir. 2016). For probable cause to exist, law enforcement officers must have facts and circumstances within their knowledge that are sufficient to warrant a reasonable belief that the suspect has or is committing a crime. *Id.* To enjoy qualified immunity, the officers had to prove only that they had arguable probable cause to make the arrest. *Id.*

The district court erred by dismissing Mann's claim of an unlawful arrest. Officers Joseph and Watts arrested Mann for obstruction for "knowingly and willfully resist[ing], obstruct[ing[, or oppos[ing] [them] . . . in the lawful discharge of . . . [their] official duties . . . ." Ga. Code Ann. § 16-10-24(b). The officers do not contest the ruling of the district court that they lacked arguable probable cause to arrest Mann when, as he alleged, he "immediately compl[ied]" with the officers' orders to surrender his gun and lay on the ground. Qualified immunity offered no protection to the officers because they could not have reasonably thought that Mann's compliance constituted obstruction. When the officers arrested Mann without even arguable probable cause, they violated his clearly established right to be free from an unreasonable seizure. *See Carter*, 821 F.3d at 1320. Because the officers were not entitled to qualified immunity at this stage of the proceedings, we

7

vacate the judgment dismissing that claim and remand for the district court to reinstate the claim against the officers.

## 2. Excessive Force

The district court did not err by dismissing Mann's claim of excessive force. Officers Joseph and Watts were immune from liability for alleged conduct that did not violate Mann's right under the Fourth Amendment "to be free from excessive force during the course of a" seizure. *See Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009). A use of force is not excessive so long as the "the officer's conduct is objectively reasonable in light of the facts confronting [him]." *Durruthy v. Pastor*, 351 F.3d 1080, 1093 (11th Cir. 2003). The officers reacted to the sudden and unexplained arrival of an unidentified and armed man who advanced toward Ms. Nelson inside her apartment after she reported being threatened or attacked. In the light of the threat of serious injury that the man posed to Ms. Nelson and to the officers, they were not required "to wait 'and hope for the best.'" *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 821 (11th Cir. 2010) (quoting *Scott v. Harris*, 550 U.S. 372, 385 (2007)) (alteration adopted). We have "condoned officers' having drawn weapons . . . when reasonably necessary for protecting an officer or maintaining order," *see Courson v. McMillian*, 939 F.2d 1479, 1494–95 & n.26 (11th Cir. 1991), and the officers limited their use of force to what was necessary to de-escalate the situation. Judged "from the perspective of a reasonable officer on the

8

scene," *id.* at 1496, Officers Joseph and Watts were justified in displaying their service weapons and ordering the person they later identified as Mann to surrender his gun and to lay on the ground.

### 3. Retaliation

The district court correctly dismissed Mann's claim of retaliation. The officers were immune from liability on Mann's claim of a retaliatory arrest because no law in existence at the time of the incident clearly established that Mann exercised a right protected by the Second Amendment. For the law to be clearly established, Mann had to identify pre-existing case law that made "the unlawfulness [of Officer Joseph and Watts's conduct] . . . apparent," and provided them "fair warning that their conduct violated the Constitution." *Hope v. Pelzer*, 536 U.S. 730, 739, 741 (2002) (internal quotation mark omitted). Mann can rely on "a materially similar case that has already decided that what the police officer[s] [were] doing was unlawful," *Durruthy*, 351 F.3d at 1092 (alteration adopted) (internal quotation marks omitted), or "a general constitutional rule already identified in the decisional law . . . [that] appl[ies] with obvious clarity to the specific conduct in question," *Hope*, 536 U.S. at 741 (quoting *United States v. Lanier*, 520 U.S. 259, 271 (1997)). The caselaw must "dictate[], that is truly compel[], the conclusion . . . [that the officers' conduct] violated [Mann's] federal

9

rights in the circumstances." *Rodriguez v. Farrell*, 280 F.3d 1341, 1349 (11th Cir. 2002) (internal quotation marks omitted).

Neither *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244 (11th Cir. 2012), nor *Hertz v. Bennett*, 751 S.E.2d 90 (Ga. 2013), both of which discuss *District of Columbia v. Heller*, 554 U.S. 570 (2008), clearly establish that a gun owner has a constitutional right to carry a holstered weapon into another person's residence where law enforcement is investigating a crime. In *GeorgiaCarry.Org*, we held that a Georgia statute that barred lawful gun owners from carrying their firearms into eight private sites, including a place of worship, did not burden the owners' right protected by the Second Amendment to carry firearms for self-defense in the home and in public places. 687 F.3d at 1259–66. And in *Hertz*, the Supreme Court of Georgia upheld a statute barring a convicted felon from obtaining a license to carry weapons in public, O.C.G.A. § 16-11-129, because the statute as applied did not infringe on his protected right to possess a gun inside his home and furthered the goal of the state to protect the safety of its citizens. 751 S.E.2d at 92–95. The right of self-defense protected by the Second Amendment is "not unlimited" and does not entitle "citizens to carry arms for any sort of confrontation." *Heller*, 554 U.S. at 595.

Mann's complaint failed to allege facts about a person carrying a firearm to protect his home and family. *See Heller*, 554 U.S. at 628–30. Under Mann's

10

version of events, he "immediately approached" Ms. Nelson without identifying himself or being identified by Ms. Nelson, and Mann alleged that he carried his firearm into "Ms. Nelson's residence," not into his own home. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. Measured against the facts Mann alleged, a reasonable officer in the place of Officers Joseph and Watts would not have necessarily known that Mann exercised a right protected by the Second Amendment.

### 4. Equal Protection

The district court also correctly dismissed Mann's claim of a violation of equal protection for failure to state a claim. The equal protection clause of the Fourteenth Amendment requires that the government treat similarly situated people in a similar manner. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To plead a plausible claim that the officers violated his right to equal protection, Mann had to allege "that (1) he is similarly situated with other p[ersons] who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest, such as race." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (internal quotation marks omitted). Mann identified no comparator, much less a similarly-situated

11

nonminority gun owner, in his complaint who the officers had treated differently than him.

## B. Mann's Claims Against the County

The district court ruled that Mann failed to state a claim against the County for violating a right protected by the Constitution, 42 U.S.C. § 1983. "[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). A municipality does not become "responsible under § 1983 . . . unless [the] execution of [its] policy or custom . . . inflicts the injury . . . ." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). So to impose liability on the County, Mann had to allege facts establishing "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

### 1. Unlawful Arrest

The district court correctly dismissed Mann's claim against the County for unlawful arrest. "[A] single incident of unconstitutional activity is not sufficient to impose liability against a municipality." *Craig v. Floyd Cty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011). Dismissal was appropriate because Mann's complaint failed

12

to allege plausible facts that would lead to a reasonable inference that the County had a custom or policy of arresting persons without probable cause.

### 2. Excessive Force, Retaliation, and Equal Protection

The district court also correctly dismissed Mann's claims against the County for excessive force, retaliation, and the denial of equal protection. "Only when it is clear that a violation of specific rights has occurred can the question of § 1983 municipal liability for the injury arise." *Vineyard v. Cty. of Murray*, 990 F.2d 1207, 1211 (11th Cir. 1993). Mann alleged the County was liable based on Officers Joseph and Watts's actions. But because Mann "suffered no constitutional injury at the hands of the individual police officer[s]," *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986), the County has no municipal liability. Mann's claims fail as a matter of law.

### IV. CONCLUSION

We **AFFIRM** the dismissal of Mann's complaint against the County and his claims against Officers Joseph and Watts for excessive force, retaliation, and the violation of his right to equal protection. We **VACATE** the dismissal of Mann's claim against the officers for unlawful arrest and **REMAND** for further proceedings.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

13