[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2012
JOHN LEY
CLERK

No. 11-13895
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-21541-MGC

BOBBY ALLEN BRYANT,

Plaintiff-Appellant,

versus

HARVEY RUVIN,
ANN FANFAN,
DIAMOND TRUDY,
LEONARDO VEGA,
DOLLIA E. CLIETT,
L. PEREZ,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 18, 2012)

Before CARNES, HULL, and MARTIN, Circuit Judges.

PER CURIAM:

Bobby Bryant, a federal prisoner proceeding pro se, appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint for failing to state a claim against various state employees. Bryant's complaint alleged that the defendants, who were all state court clerks, had prevented him from prosecuting a post-conviction challenge to his 1969 state conviction in violation of his right to access the courts and his equal protection and due process rights under the Fourteenth Amendment.

## I.

Bryant was convicted of various federal drug and firearm offenses in 1992 and was sentenced as a career offender. See U.S.S.G. § 4B1.1 (Nov. 1991). The government used his 1969 Florida first-degree murder conviction as one of the predicate offenses for that sentence enhancement. See id. In 2009 Bryant filed a Florida Rule of Criminal Procedure 3.850 motion in Florida state court to challenge that murder conviction. In that motion, Bryant said the murder conviction had the case number "F68-2532." In all of their correspondence to Bryant, however, the Florida court clerks listed the case he was challenging as "F68-6607," a case number corresponding to another conviction Bryant had for robbery.

2

Bryant complained to the court clerks about their use of the incorrect case number, but the clerks continued to use "F68-6607." In the caption of the state's response to Bryant's Rule 3.850 motion, the "F68-2532" case number was scratched out and replaced with the "F68-6607" case number. But the body of the state's response addressed his first-degree murder conviction and referenced that case as "F68-2532." After reviewing the parties' briefs and the "court files and records," the Florida court denied his motion as meritless and as "conclusively refuted by the record." Bryant appealed that judgment and lost.

Bryant then filed this § 1983 action in federal district court alleging that the Florida court clerks "knowingly . . . and with malicious intent, altered and/or fabricated official court documents and records pertaining to case number F68-2532" and denied him the right to "challenge the case pertaining to case number F68-2532." He claimed that the clerks violated his right to access the courts and his equal protection and due process rights. Bryant also alleged that he had "constitutional righ[t]s to challenge alleged prior convictions under the correct case number." He asked for injunctive and declaratory relief as well as compensatory and punitive damages.

A magistrate judge reviewed the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and recommended that it be dismissed because it did not state a

claim for relief.  The district court adopted the report over Bryant's objections and dismissed his complaint.  This is Bryant's appeal from that judgment.

## II.

We review de novo a district court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), accepting the complaint's allegations and attached exhibits as true.  Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003); see also Thaeter v. Palm Beach Cnty. Sheriff's Office, 449 F.3d 1342, 1353 (11th Cir. 2006).  In doing so, we apply the standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6).  Douglas v. Yates, 535 F.3d 1316, 1319–20 (11th Cir. 2008).  A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).  "[W]e may affirm the district court's judgment on any grounds supported in the record."  Koziara v. City of Casselberry, 392 F.3d 1302, 1306 n.2 (11th Cir. 2004).

## A.

In order to state a claim that his right of access to the courts was violated, a plaintiff must first state an actual injury.  Cunningham v. Dist. Attorney's Office for Escambia Cnty., 592 F.3d 1237, 1271 (11th Cir. 2010).  To state an actual injury, the plaintiff must allege that he had a cause of action that he could not

4

vindicate because of the defendants' actions, and he must describe that underlying cause of action in his complaint. Id. "The allegations about the underlying cause of action must be specific enough to give fair notice to the defendants and must be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope." Id. (quotation marks omitted).

The underlying cause of action for Bryant's access to the courts claim is his Rule 3.850 motion challenging the validity of his 1969 first-degree murder conviction. Neither his complaint nor the exhibits attached to it explain the basis for that motion in a way that gives fair notice to the defendants in this case or that allows us to determine whether that claim was frivolous. Because he has failed to show an actual injury, Bryant has not stated a claim for a violation of his right to access the courts. See id.

B.

To establish an equal protection claim, a plaintiff must demonstrate that (1) he is similarly situated to others who received more favorable treatment, and (2) his discriminatory treatment was based on some constitutionally protected interest, such as race. Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001). Bryant's complaint does not allege that he was treated differently than similarly situated persons or that he was discriminated against based on a constitutionally protected

5

interest, so his equal protection claim also fails.  See id.

## C.

To establish a procedural due process claim under § 1983, a plaintiff must show:  (1) a deprivation of a constitutionally protected liberty or property interest, (2) state action, and (3) constitutionally inadequate process.  Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003).  Bryant's complaint alleges that he was deprived of his "constitutional righ[t]s to challenge alleged prior convictions under the correct case number."  We are unaware of any precedent recognizing such a right, and Bryant does not point us to any.  In any event, the record shows that he had an opportunity to challenge his 1969 murder conviction.  The state's response to Bryant's Rule 3.850 motion addressed his murder conviction, not his robbery conviction, and presumably his 3.850 motion did the same.  The Florida courts considered those arguments, and denied Bryant's motion.

## D.

We are mindful that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Hughes, 350 F.3d at 1160 (quotation marks omitted); but even giving Bryant's complaint the benefit of a lenient standard and liberal construction, it fails to state a claim for relief.

**AFFIRMED.**