[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12335

Non-Argument Calendar

_____

RODNEY MCCUTCHEON,

Petitioner-Appellant,

*versus*

FLORIDA COMMISSION ON OFFENDER REVIEW,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cv-14327-RNS

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Rodney McCutcheon, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. We granted a certificate of appealability ("COA") on the sole issue of:

> [w]hether the district court violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*), in denying McCutcheon's 28 U.S.C. § 2241 petition without addressing his claim that the Commission violated his due process rights by relying on false information about his criminal history in determining whether to grant him parole?

After review, we affirm.

## I.    Background

In 1972, McCutcheon was convicted of rape and sentenced to life imprisonment. McCutcheon received parole in 1980, subject to parole supervision for life.[1] He was charged with violating the terms of his parole in 1987 and 1989, but both times Florida's Parole Commission ("the Commission") restored supervision. However,

---

[1] "In 1983, Florida abolished parole for most new crimes. But offenders who, like [McCutcheon], committed crimes before that time remain eligible for parole." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015) (internal citation omitted).

in 1990, he again violated the terms of his parole by being charged with dealing in stolen property and grand theft. He was convicted of dealing in stolen property and sentenced to two and a half years. As a result, the Commission revoked McCutcheon's parole and set his presumptive parole release date ("PPRD") for 1996.[2] After a series of unfavorable biennial reviews, the Commission extended McCutcheon's PPRD to 2006.[3]

---

[2] Under Florida law, a parole eligible inmate is entitled to the establishment of a PPRD, which is "the tentative parole release date." *See* Fla. Stat. § 947.172; Fla. Admin. Code R. 23-21.002(31). The objective parole guidelines guide the Commission in the task of establishing an inmate's PPRD. *See generally* Fla. Admin. Code R. 23-21.007 to 23-21.011.

[3] After the PPRD is established, the inmate receives regular subsequent reviews to assess whether the PPRD should be extended or should become the inmate's effective parole release date ("EPRD"), which "means the actual parole release date." *See generally* Fla. Stat. § 947.174 (providing for regular review of an inmate's PPRD either every two years or every seven years depending on certain factors); *id*. § 947.1745 (providing that "[i]f the inmate's institutional conduct has been satisfactory, the [PPRD] shall become the [EPRD]"); Fla. Admin. Code R. 23-21.002(15) (defining EPRD as the inmate's "actual parole release date"). "If it is determined that the inmate's institutional conduct has been unsatisfactory," the Commission may extend the PPRD. *See* Fla. Stat. § 947.1745(1), (2). Even where an inmate has a satisfactory institutional record to be placed on parole, the Commission must also find "that there is reasonable probability that, if the person is placed on parole, he or she will live and conduct himself or herself as a respectable and law-abiding person and that the person's release will be compatible with his or her own welfare and the welfare of society." *Id*. § 947.18. The Commission must also find that the person "will be suitably employed" upon release and "will not become a public charge." *Id*. "This determination is to be based upon a review of the entire official record in the inmate's case." Fla. Admin. Code R. 23-21.015(10). If the Commission determines that the inmate does not meet the

4                    Opinion of the Court                    23-12335

In 2006, the Commission determined that McCutcheon did not meet the criteria for parole because there was not a "reasonable probability that, if [he was] released on parole, [he would] live and conduct [himself] as a respectable and law-abiding person and that [his] release [would] be compatible with [his] own welfare and the welfare of society" as required by Fla. Stat. § 947.18. Accordingly, the Commission suspended McCutcheon's PPRD and set his case for extraordinary review in 2010. The Commission again made a negative parole finding in 2010, continued the suspension of McCutcheon's PPRD, and set his case for another extraordinary review in 2017.

As part of the 2017 extraordinary review, Commission Investigator John O'Donnell provided a memorandum to the Commission with a recommendation that "McCutcheon's PPRD remain suspended based on his inability to maintain appropriate institutional behavior . . . ." The memorandum listed McCutcheon's criminal history as a 1972 conviction for rape and a 1990 conviction for: dealing in stolen property (Count I), and assault with intent to commit robbery (Count II). The Commission again made a negative parole finding, continued the suspension of McCutcheon's PPRD, and set his case for another extraordinary review at a later date. In making the negative parole finding, the Commission mentioned that McCutcheon had a new

criteria for parole release, the Commission must "enter an order declining to authorize the [EPRD] and referring the case to the Commission for extraordinary review." *Id.*

23-12335                 Opinion of the Court                         5

disciplinary report since his last review, and that the Commission was still concerned by the following factors: (A) "the serious nature of the offense"; (B) McCutcheon's "[e]xtensive criminal history. Per the Post Sentence Investigation"; and (C) that he was a "[p]arole violator."[4]

Thereafter, McCutcheon filed a federal habeas petition, pursuant to 28 U.S.C. § 2241, asserting multiple claims based on several alleged constitutional errors in the Commission's 2017 review decision. As relevant to the issue on which we granted a COA, McCutcheon argued in Claim 3 that the Commission violated his due process and equal protection rights by relying on the post sentence investigation report which contained unspecified false information. Additionally, in Claim 4 he asserted, in relevant part, that the Commission relied on false information because the Commission Investigator's memorandum indicated that McCutcheon had a prior conviction for assault with intent to commit robbery when he did not.[5]

---

[4] McCutcheon filed objections to the Commission's decision on multiple grounds. The Commission construed the objections as a request for review of McCutcheon's PPRD, and denied the request because review was not available from extraordinary interviews. McCutcheon then filed a state habeas petition challenging the Commission's decision, asserting multiple due process violations, including that the Commission relied on "false information," and requested that the state court "command[] the Commission to conduct a proper extraordinary review. . . ." The state court construed his "habeas petition" as a petition for a writ of mandamus and denied relief.

[5] We note that McCutcheon's post sentence investigation report did not list a prior conviction for assault with intent to commit robbery, so we know that

The district court denied McCutcheon's § 2241 petition and denied a COA.  McCutcheon sought a COA in this Court, which we granted in part as to the following issue only:

> [w]hether the district court violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*), in denying McCutcheon's 28 U.S.C. § 2241 petition without addressing his claim that the Commission violated his due process rights by relying on false information about his criminal history in determining whether to grant him parole?[6]

---

McCutcheon's assertion in Claim 3 that the post sentence investigation report contained "false" information was not based on this same criminal history discrepancy.

[6] Because the COA did not specify whether it related to the "false information" allegations in Claim 3 or Claim 4, we construe it as encompassing both claims. However, in his initial brief on appeal, McCutcheon focuses on Claim 3 and does not address the allegations in Claim 4 concerning the allegedly false information provided by the Commission Investigator concerning McCutcheon's criminal history—that McCutcheon had a prior conviction for assault with intent to commit a robbery.  McCutcheon attempts to resurrect Claim 4 in his reply brief, arguing for the first time that the district court also failed to address Claim 4.  McCutcheon's argument comes too late.  Issues not briefed on appeal or raised for the first time in a reply brief by a *pro se* litigant are deemed abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); *see also Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court." (alteration adopted) (quotation omitted)).  Accordingly, we conclude that he abandoned this claim, and we do not address it.

23-12335                    Opinion of the Court                    7

We denied his request for a COA as to his other claims.[7]

## II.    Discussion

On appeal, McCutcheon argues that the district court failed to address and resolve Claim 3 concerning alleged unspecified false information in the post sentence investigation report.  He then reiterates the merits of his underlying due process claim.[8]

"We review *de novo* the district court's denial of a § 2241 petition, but review its factfindings for clear error." *Santiago-Lugo v. Warden*, 785 F.3d 467, 471 (11th Cir. 2015).  "[W]e review de novo the legal question of whether the district court violated the rule announced in *Clisby*." *Dupree*, 715 F.3d at 1299–1300.

In *Clisby*, we instructed district courts to resolve all claims for relief raised in petitions for writs of habeas corpus.  960 F.2d at 936.  We expressed "deep concern over the piecemeal litigation of federal habeas petitions filed by state prisoners," and emphasized

---

[7] In his brief on appeal, McCutcheon also raises arguments related to the claims on which we denied a COA.  Because these claims are beyond the scope of the COA, we do not consider them.  *See Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (explaining that "appellate review is limited to the issues specified in the COA").

[8] We do not reach the merits of McCutcheon's underlying claim because under *Clisby*, our only role is to determine whether the district court failed to address a claim, not whether the underlying claim is meritorious.  *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013).  If we conclude that the district court violated *Clisby*, then we "vacate the judgment without prejudice and remand the case to the district court for consideration of the unaddressed claim." *Id*.

the importance of litigating all of a petitioner's claims in one habeas proceeding. *Id.* at 935.

Here, there was no *Clisby* violation because the district court clearly addressed Claim 3. First, the district court explained that there is no constitutional right to parole or a liberty interest in parole in Florida. *See McCutcheon v. Fla. Comm'n on Offender Review*, No. 22-14327, 2023 WL 3750718, at *2 (S.D. Fla. June 1, 2023). Even though McCutcheon had no liberty interest in parole, the district court explained that a parole board violates due process if it "engage[s] in 'flagrant or unauthorized action'" such as relying on information it knows to be false. *Id.* (quoting *Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir. 1991)). Nevertheless, the district court explained that "prisoners cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim. Without evidence of the [parole board's] reliance on false information, a prisoner cannot succeed." *Id.* (quoting *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001)). The district court then concluded that McCutcheon failed to explain why his criminal history in the post sentence investigation report was inaccurate and his "conclusory allegation [that the report contained false information was] insufficient." *Id.*, at *4 (citing *Jones*, 279 F.3d at 946). The district court then denied Claim 3. Accordingly, because the district court addressed McCutcheon's claim that the post sentence investigation report contained false information, there was no *Clisby* error. Consequently, we affirm.

**AFFIRMED.**